*E-Filed: November 19, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Petitioner,<br>　v.<br><br>MEHDI GHAFOURIFAR,<br><br>　　　　Respondent.<br>_____/ | No. C14-03819 HRL<br><br>**ORDER GRANTING VERIFIED PETITION TO ENFORCE IRS SUMMONS**<br><br>**ORDER DENYING AS MOOT MOTION TO CONTINUE HEARING RE ORDER TO SHOW CAUSE**<br><br>[Re: Docket No. 13] |

　　　This matter is before the court on an order to show cause why respondent Mehdi Ghafourifar should not be required to appear before the Internal Revenue Service (IRS) to give testimony and produce certain books, papers, records, or other data in compliance with an IRS summons. Respondent filed a response to the order to show cause and Petitioner filed a reply. Dkt Nos. 7, 9. All parties have expressly consented to having all matters proceed before a magistrate judge. The matter is deemed suitable for determination without oral argument. The November 25, 2014 hearing is vacated. Civ. L.R. 7-1(b). Respondent's motion to continue the order to show cause hearing is denied as moot. Having considered the moving papers and all other evidence of record, the Court grants the petition.

///

///

# BACKGROUND

The IRS is conducting an investigation into the federal tax liability of Pillarton Corporation[1] for tax years 2010, 2011, and 2012.  In August 2013, Revenue Agent Goodwin Aginam requested electronic copies of Pillarton's financial records for the 2010 calendar year and the fiscal year ending November 30, 2010.  Respondent's Attorney, Aubrey Hone, exported the financial records from QuickBooks files into Microsoft Excel format, and emailed them to Revenue Agent Aginam.  In February 2014, Revenue Agent Aginam requested electronic copies of the financial records for Pillarton in both calendar and fiscal year statements for years subsequent to those which were previously provided.  Attorney Hone exported the financial records from QuickBooks files into Microsoft Excel format, and emailed them to Revenue Agent Aginam.

On February 21, 2014, Revenue Agent Aginam emailed Attorney Hone and requested that Respondent agree to extend the statute of limitations for assessment for Univetica for fiscal year ending March 31, 2011.  On March 6, 2014, Attorney Hone called Revenue Agent Aginam and notified him that Respondent would not agree to extend the statute of limitations.

The next day, Revenue Agent Aginam sent Attorney Hone an email stating that because Respondent did not agree to sign the statute extension he would need to meet with Attorney Hone to review records and to receive a copy of the QuickBooks data file.  On March 7, 2014, Revenue Agent Aginam issued an IRS summons to Respondent directing him to appear and to give testimony and produce for examination: (1) a copy of the original electronic backup file of the QuickBooks books and records that includes the period from December 31, 2010 to December 31, 2012; (2) the QuickBooks administrator's user name and password for the backup file; and (3) the version and the edition of QuickBooks used to create the backup file.  Revenue Agent Aginam served the summons by sending a copy by U.S. Mail to the last known address of Respondent.  In June 2014, Revenue Agent Aginam sent an email to Attorney Hone, requesting waiver of personal delivery of the summons.  Respondent agreed to waive personal delivery.

---

[1] Petitioner alleges that Pillarton Corporation is doing business as Univetica and/or Arquos Publishing.  Respondent states that Pillarton does not do and has never done business as Univetica and/or Arquos Publishing.

2

In April 2014, Attorney Hone sent Revenue Agent Aginam a letter stating that Respondent would not provide the QuickBooks files requested by the summons because they had already been produced in Microsoft Excel format and may contain privileged information. In June 2014, Revenue Agent Aginam requested that Respondent comply with the summons. Attorney Hone responded by reiterating Respondent's objections.

Petitioner filed the instant verified petition to enforce the summons. This court issued an order to show cause. Respondent filed a response to the order to show cause and Petitioner filed a reply. Dkt Nos. 7, 9.

**LEGAL STANDARD**

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a). To enforce a summons, the IRS must establish a prima facie case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (internal quotation marks omitted). Once the government has made its prima facie case, the summoned party bears the "heavy" burden to "disprove the actual existence of a valid civil tax determination or collection purpose by the Service." *Id.* (internal quotation marks omitted).

A taxpayer who points to specific facts or circumstances plausibly raising an inference of bad faith has the right to conduct an examination of IRS officials regarding their reasons for issuing a summons. *United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014). Enforcement will be denied where the summons enforcement proceeding constitutes an abuse of process, which occurs "if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure

3

on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. Improper purpose also exists where a summons is issued to a taxpayer for the same records the IRS has in its possession, if those records were obtained from the taxpayer. *Action Recycling Inc. v. United States*, 721 F.3d 1142, 1146 (9th Cir. 2013).

**DISCUSSION**

Since the Verified Petition to Enforce Internal Revenue Service Summons and supporting papers make a prima facie showing that the IRS investigation is being conducted for a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the IRS's possession, and that the administrative steps required by the Internal Revenue Code have been followed, the burden has shifted to Respondent to oppose enforcement of the summons.

First, Respondent argues that the IRS has failed to make a prima facie showing that enforcement of the summons is proper. Specifically, Respondent argues that the information requested is already in the IRS's possession. According to Respondent, he has already produced the financial information contained in the QuickBooks data file directly to the IRS. Financial statements have been provided to the IRS both in hard copy printed directly from QuickBooks and in electronic format exported directly from QuickBooks.

The third requirement under *Powell*, that the information sought not already be in the IRS's possession, is construed "as a gloss on § 7605(b)'s prohibition of 'unnecessary' summonses." *United States v. Linsteadt*, 724 F.2d 480, 483-84 (5th Cir. 1984) (internal quotation marks omitted). "Where the IRS already possesses copies of particular records obtained from the taxpayer, it cannot issue repeated summons to the taxpayer for the exact same records." *Action Recycling*, 721 F.3d at 1146. This requirement is construed narrowly and some redundancy as to requested information will not bar enforcement of a summons. *Adamowicz v. United States*, 531 F.3d 151, 159 (2d Cir. 2008). While it is not an absolute prohibition against enforcement of a summons containing a duplicative request, it is intended to prevent "unnecessary summonses that are designed to harass the taxpayer or that otherwise abuse the court's process." *Linsteadt*, 724 F.2d at 422 (internal quotation marks omitted).

4

Here, although Respondent provided certain information from the QuickBooks files, he has not produced the QuickBooks files themselves. *See* Pet. ¶¶ 10-11, 15. The QuickBooks files are likely to have independent evidentiary value in Revenue Agent Aginam's investigation. *See* Pet. ¶¶ 7, 10-11, 15. That the IRS is already in possession of some of the requested information does not bar enforcement of the summons. *See Adamowicz*, 531 F.3d at 159.

Second, Respondent argues that the summons enforcement proceeding is an abuse of process because the summons was issued in bad faith and for an improper purpose. In support of this, Respondent again argues that the information requested is already in the IRS's possession, because Respondent has already produced the financial information contained in the QuickBooks data file directly to the IRS. This argument fails for the reasons stated above.

In addition, Respondent argues that the summons was issued for an improper purpose— retaliation for not agreeing to extend the statute of limitations for assessing tax against Univetica for fiscal year ending March 31, 2011. Respondent points to the timing of the summons, which was issued the day after Respondent refused to sign the Univetica statute extension.

In order to satisfy his burden, Respondent must establish that there was *no* legitimate purpose for the summons. *See United States v. Tanoue*, 94 F.3d 1342, 1345 (9th Cir. 1996). "Even the co-existence of an improper purpose would not prevent enforcement of the summons if the existence of a legitimate purpose was not rebutted by the taxpayer." *United States v. Stuckey*, 646 F.2d 1369, 1375 (9th Cir. 1981). A legitimate purpose is present here: Revenue Agent Aginam is investigating the federal tax liability of Pillarton Corporation for tax years 2010, 2011, and 2012. The summons was issued as part of that investigation and requests information that can reasonably be expected to assist in the investigation. *See* Pet. ¶¶ 4, 6, 7, 11. Respondent does not challenge this.

Third, Respondent argues the IRS failed to follow the administrative steps required to properly serve a summons, because it did not personally serve Respondent with the summons or leave the summons at the last and usual place of abode, as required by § 7603(a). In March 2014, Revenue Agent Aginam served the summons by sending a copy by U.S. Mail to the last known address of Respondent. In June 2014, Revenue Agent Aginam sent an email to Attorney Hone,

1 requesting waiver of personal delivery of the summons.  Respondent agreed to waive personal
2 delivery.
3       Respondent admits he waived § 7603(a)'s service requirement.  Moreover, even if there
4 were no waiver here, enforcement would still be appropriate.  "To obtain enforcement of a
5 summons, the IRS need only establish that it has substantially complied with the statute's
6 requirements.  Minor violations will be excused where the IRS acts in good faith and there is no
7 prejudice to the taxpayer."  *United States v Privitera*, 47 F.3d 1177, at *1 (9th Cir. 1995)
8 (unpublished); *United States v. Payne*, 648 F.2d 361, 363 (5th Cir. 1981).  Respondent does not
9 allege that he suffered any prejudice.

## CONCLUSION

11       For all of the foregoing reasons, the petition to enforce the IRS summons is granted. The IRS
12 summons served on Respondent Mehdi Ghafourifar on March 7, 2014 is hereby enforced.
13 Respondent is ordered to appear before Revenue Agent Goodwin Aginam, or any other authorized
14 employee of the Internal Revenue Service so designated by the Internal Revenue Service, on a date
15 and at a location as directed in writing by Revenue Agent Goodwin Aginam, or any other authorized
16 employee of the Internal Revenue Service so designated by the Internal Revenue Service. At the
17 time of the appearance, Respondent shall give the testimony and produce all books, records, papers,
18 and other data demanded in the subject summons.

19 **IT IS SO ORDERED.**

20 Dated:  November 19, 2014

21 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

1  **C14-03819 HRL N**otice **will be electronically mailed to:**

2  Aubrey Hone     aubrey@honemaxwell.com

3  Michael G. Pitman     michael.pitman@usdoj.gov

4  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**